Johnson, J.
The principal points presented by the exceptions in this case are, first, whether an action can be maintained for a breach of a covenant to continue a partnership for a fixed period, unless sooner dissolved in accordance with the terms of the covenant; second, whether actual damages can in such case be recovered; third, whether expected profits can be regarded as a ground of damages in such a case; and fourth, whether the amount of profits made prior to the dissolution could be considered by the jury as bearing in any degree upon the amount of damages to which the plaintiff was entitled. Another objection was presented on the argument, that the covenants of the defendants being several, no judgment for joint damages could be given. This objection not having been presented at the trial, so far as the bill of exceptions informs us, cannot be considered here.
There do not seem to be any special rules of law applicable to covenants contained in partnership articles, and not to other covenants; and we may therefore say, without discussion, that an action will lie for a breach of covenant, no matter in what instrument the covenant be found. We may further affirm that no rule of law declares that the breach of a covenant contained in partnership articles shall be compensated only by nominal damages. The measure of damages must depend on the nature of the obligation, and the extent of the injury in this as in all other cases of broken covenants.
No question was made at the trial as to the sufficiency of the proof that a breach of the obligation to continue the partnership had taken place, except only so far as a question of that sort is raised by the objection of the defendants’ *496 counsel, that, by the constitution of the partnership, the partners have a power of revocation whenever they lose confidence in each other. It is not quite clear whether this objection points to the particular frame of this partnership, or is supposed to be founded upon the general rules applicable to that relation. If it relate to the provisions of the partnership agreement in this case, then it is clear that the articles contain no clause which warrants the defendants’ proposition. If, on the other hand, the general law of partnership is referred to, while it must be conceded that some difference of opinion seems to exist as to the power of either partner, in a partnership for a fixed term, contrary to his agreement, to put an end to the continuance of the firm at his own mere will, it can be safely affirmed that conceding this power to exist in the broadest form, it has never been pretended that a partner who should, in contravention of his agreement, put an end to the partnership, would not be held responsible for the injury thus committed.
We are left, then, to the only substantial question which this case presents: whether the loss of those profits which the plaintiff would have made during the stipulated term of the partnership is a proper subject of compensation, and whether the evidence of past profits, during the period next preceding the dissolution, can be considered as bearing upon the question of 'prospective profits. The form of the exceptions taken concedes that the judge committed no error, unless in taking the profits into consideration at all; that if he was correct in this, he has annexed to his instructions all. the proper qualifications to prevent an excessive and erroneous estimate of the amount of compensation for prospective profits.
object of commercial partnerships is profit. This is the motive upon which men enter into the relation. The only legitimate beneficial consequence of continuing a partnership is the making of profits. The most direct and legitimate injurious consequence which can follow upon an un *497 authorized dissolution of a partnership, is the loss of profits. Unless that loss can be made up to the injured party, it is idle to say that any obligation is imposed by a contract to continue a partnership for a fixed period. The loss of profits is one of the common grounds, and the amount of profits lost, one of the common measures of the damages to be given upon a breach of contract. I need only refer to Masterson v. Brooklyn (7 Hill, 62). So, too, in Wilson v. Martin (1 Den., 602); Hecksher v. McCrea (24 Wend., 304); and Shannon v. Comstock (21 Wend., 457), what the party would have made—in other words, his prospective profit from the performance of the contract—was held to be the true measure of damages. I refer also to two English cases on the question, although the English courts do not seem so carefully to have considered the rules by which, as matter of law, damages are to be measured, as the courts in this country.
Gale v. Leckie (2 Stark., 107), was at nisi prim before Lord Ellenborough. The defendant agreed, as author, to furnish a manuscript work to plaintiffs, to be published at their expense, and the profits to be equally divided. The defendant failed to fulfill, and this action was brought for damages. Lord Ellenborough told the jury the plaintiffs were entitled to their expenses of paper and printing, and added, “ the sum of ¿690 has been stated by the witnesses as the amount of profit which would probably have been derived from the first edition; and it is doubtful whether it would have reached a secondafter suggesting that there might have been a loss instead of profit, which would have been wholly the plaintiffs’ loss under the contract, he submitted the matter to the jury, who found for the plaintiffs ¿650 more than the expenses, &c., for loss of profit. The case does not appear to have been moved afterwards.
McNeil v. Reid (9 Bing., 68), was an action upon a contract, by the defendant, to take the plaintiff into a firm of which the defendant was a member. It appeared, upon the *498 trial, that the plaintiff had been offered, upon certain terms, the command of an East India ship for a double voyage; that the value of such voyage to the captain was not less than ¿£1,000 ; that the plaintiff had been induced by the defendant to give up this voyage to enter into the promised partnership. The jury found ¿£500 for the plaintiff. It was objected, among other things, that the jury were wrongly instructed as to damages. On this point Tindal, Ch. J., says: “ I told the jury that they might see that the plaintiff considered the engagement equal to an Indian voyage, because he would not otherwise have relinquished it, and the defendant could not-5 have estimated it at less, because he made his offer as a friend of th'e plaintiff.” It was the value of the engagement as partner, therefore, which the jury were to estimate; and Bosanqtjet, J., says: “ The damages were estimated according to what the jury thought was the value of the contract. The value of the East India voyage has not been recovered as special damage, but has been taken as an ingredient for estimating the value which each party set on the proposed contract of partnership.”
In each of these cases the prospective profits of a joint undertaking unperformed, was made the subject'of compensation in damages in an action at law.
The next question relates to the admission of the evidence of the amount of past profits, to be considered by the jury as bearing upon future profits. It will be observed that the objection does not at all relate to the mode of proof, but only to the competency of the fact. It seems to me quite obvious that, outside of a court of justice, no man would undertake to form an opinion as to the prospective profits of a business, without, in the first place, informing himself as to its past profits, if that fact were accessible. As it is a fact in its nature entirely capable of accurate ascertainment and proof, I can see no more reason why it should be excluded from the consideration of a tribunal called upon to determine conjecturally the amount of prospective profits, than *499 proof of the nature of the business, or any other circumstance connected with its transaction. It is very true that there is great difficulty in making an accurate estimate of future profits, even with the aid of knowing the amount of the past profits. This difficulty is inherent in the nature of the inquiry. We shall not lessen it by shutting our eyes to the light which the previous transactions of the partnership throw upon it. Nor are we the more inclined to refuse to make the inquiry, by reason of its difficulty, when we remember that it is the misconduct of the defendants which has rendered it necessary.
Another question arises upon the defendants’ third request to charge, viz., “ That supposing Bagley to be accountable, through want of diligence, that should be taken into view in diminution of the damages.”
An issue had been formed upon the pleadings, and tried, whether Bagley had fraudulently abstracted a quantity of gold from the firm, and the judge had instructed the jury that if they found this issue for the defendants, then they were justified in dissolving the partnership, and the plaintiff could not recover damages. No issue had been made as to negligence on Bagley’s part, nor did the evidence tend to the proof of such negligence; and on these grounds, as well as because the request was not in such a shape, even conceding it to have been well founded upon the evidence, as to require the judge to comply with it, we think the exception not well taken. A request must be in such form that the judge may properly charge in the terms of the request as made, without qualification, or his refusal will not be ground of error. If made, as requested here, the effect would have been to submit to the jury to find, whether Bagley was accountable, through want of diligence, without any instructions as to what sort of diligence he was bound to exhibit, or what" sort of losses or other mishaps he was thus to be made accountable for. In this refusal there was no error.
*500 It may be proper to notice briefly the proposition that the plaintiff’s claim for profits must be limited to the period between the dissolution and his subsequent entry into business. This is obviously unfounded. The only question which could be made as to this part of the case is, whether the defendants, in mitigation of damages, could show that the plaintiff either was or might have been as profitably employed in business on his own account, as he would have been had the firm business been continued. The plaintiff might, perhaps, have disputed the competency of such evidence. But surely the defendants cannot be heard to say that the plaintiff was bound to remain idle at their expense, or lose his claim upon them altogether, from the moment when he engaged in business.
Jewett, Gakdinee, Moese, Willabd and Mason, Js., concurred. Ruggles, Ch. J., and Taggabt, J., expressed no opinion.
Judgment affirmed.