Jesse P. Van Ness, Respondent, *v.* Gottlieb Fisher, Appellant.

(General Term, Third Department, November, 187..)

The fact that the whole capital provided for by articles of copartnership has been lost, is sufficient ground for a refusal by one of the partners to further continue the business, although the time limited by the articles for the continuation of the copartnership has not expired.

In a suit brought to recover damages for the breach of a contract to continue a partnership, the court was requested to charge the jury, that "if they found that the defendant wrongfully dissolved and broke up the partnership, they were not confined, in estimating damages, to the rate of profits at the time of the dissolution, but might consider and give damages for profits that would probably have been made by the higher prices, and might consider the present and probable future rate during the balance of the partnership." To which the court said: "Yes, I think that is a sound proposition; it requires some care. You are not to guess about this matter. If you can rationally see through this, that the profits would have been greater in the future, and are greater at the present time than at the time of the dissolution, and you believe that the present increased profits, if such there would be, are likely to continue and increase, and you can satisfy yourselves of this in your own minds, then you have a right to look through the remainder of the time of the partnership, making a very careful estimate in regard to what the profits might probably be." Subsequently the defendant's counsel requested the court to charge, "that the profits which might have been made are too speculative, vague and contingent, depending upon the many circumstances of fluctuation in prices, bad debts, &c., to form a basis of damages." The court responded: "I cannot charge that; you must judge for yourselves, applying those rules which I have enjoined, and that deliberation which the case requires."

*Held,* that the rule of damages established by the rulings was erroneous, being of too speculative and conjectural a character, and leaving the jury to make an estimate of the profits which would accrue during the

Van Ness *v.* Fisher.

stipulated term of partnership remaining, subsequent to the trial, from what, in their view, was probable on the subject, and without any data from which to make the estimate.

The case of *Bagley* v. *Smith* (10 N. Y. R., 489) considered and distinguished.

APPEAL from a judgment rendered for plaintiff, upon the verdict of a jury, and from order denying motion for a new trial. The facts appear in the opinion.

*Samuel Hand,* for the appellant.

*C. L. Beale,* for the respondent.

Present—MILLER, P. J., DANIELS and PARKER, JJ.

PARKER, J. This action was brought to recover damages for breach of an agreement by defendant to continue a partnership formed in 1867 for five years. The action was tried in May, 1869, and resulted in a verdict of $4,000 for the plaintiff. The defendant moved for a new trial upon the minutes of the court, which was denied, judgment was entered upon the verdict, and the defendant appeals from the order denying a new trial and from the judgment. The articles of copartnership between the parties were dated April 22d, 1867. The partnership was formed for the purpose of manufacturing and selling vinegar, and was to continue five years from April 22d, 1867, each party to put into the concern one-half of the capital, not less than $1,000 each, and each to give his attendance and exert himself to the utmost of his skill and power for their joint profit and advantage, and they were to share equally in the payment of debts and expenses of the concern. All gains and profits thereof were to be equally divided between them.

The parties entered upon the manufacture of vinegar, attempting to make it first from corn by a new process, which proved an entire failure; then from sugar, which also failed; and at last from whiskey, by a process which the defendant had used with some success prior to the commencement of the partnership. They went on manufacturing vine-

gar from whiskey for two or three months, and this also proved a losing business. At the end of about six months from the commencement of the copartnership they had lost in the business their whole capital of $2,000 and a good deal more. A want of harmony had sprung up between them, and the defendant determined to leave the concern, and refused to go on further with the business. For this breach of his covenant in the articles, to continue the partnership for five years, this suit was immediately thereafter brought.

Upon the trial the defendant moved for a nonsuit, on the grounds, among others, that "all the capital put in for the purpose was lost, so the partnership was ended. The purpose of the partnership was gone and ended, hence the dissolution was justifiable on the part of the defendant." The nonsuit was denied and defendant excepted.

In charging the jury, in answer to a request of the plaintiff to charge "that if the jury found that the defendant wrongfully dissolved and broke up the partnership, the jury were not confined in estimating damages to the rate of profits at the time of dissolution, but might consider and give damages for profits that would probably have been made by the higher prices, and might consider the present and probable future rate during the balance of the partnership," the court said: "Yes; I think that is a sound proposition. It requires some care. You are not to guess about this matter. If you can rationally see through this, that the profits would have been greater in the future, and are greater at the present time than at the time of the dissolution, and you believe that the present increased profits, if such there would be, are likely to continue and increase, and you can satisfy yourselves of this in your own mind, then you have a right to look through the remainder of the time of the partnership, making a very careful estimate in regard to what the profits might probably be."

Subsequently the defendant's counsel requested the court to charge "that the profits which might have been made are too speculative, vague and contingent, depending upon too many circumstances of fluctuation in prices, bad debts, &c.,

to form a basis of damages." The court responded: "I cannot charge that. You must judge for yourselves, applying those rules and this care which I have enjoined, and that deliberation which the case requires." Defendant's counsel excepted to the refusal of the court to charge as requested; also to the charge made upon such request.

Defendant's counsel also requested the court to charge, that upon the uncontradicted evidence the plaintiff was entitled to nominal damages only, which was refused, and defendant excepted.

Many other questions were raised by exceptions during the trial, which, from the view I take of those above stated, it becomes unnecessary to consider. In regard to the question of damages, as that question was submitted to the jury, I cannot but think that the defendant was prejudiced by the great latitude given them. They were left to make an estimate of the profits which would accrue during the three years of the stipulated term of partnership remaining subsequent to the trial from what in their view was probable on the subject

They were instructed, in the terms of the plaintiff's request, to "give damages for profits that would *probably* have been made by the *higher prices*, and might consider the present and probable future rate during the balance of the partnership." I do not think any case can be found which goes the length of such an allowance. It is most manifestly opposed to the well-established principle enunciated in *Griffin* v. *Colver* (16 N. Y., 489), that "profits which would certainly have been realized but for the defendant's default are recoverable; those which are *speculative* and *contingent* are not."

The respondent's counsel are right in the remark "that the same principle and the same rule of damages should apply in the case at bar which prevails in all cases of breach of an executory contract; the injured party should be made good."

In *Bagley* v. *Smith* (10 N. Y., 489), although it is held that the loss of the profits which the plaintiff would have

made during the stipulated term of the partnership was a proper subject of compensation, and that evidence of past profits during the period next preceding the dissolution might be considered, as bearing upon the question of prospective profits; still, the necessity of adherence to the rule of *certainty* in regard to the profits allowed for, was not done away nor weakened. There is nothing in the case conflicting with the rule above quoted from *Griffin* v. *Colver*, that *speculative* and *contingent* profits are not recoverable; and the cases cited by the court in *Bagley* v. *Smith* are all entirely consistent with that rule.

The case at bar differs from that case and the cases cited therein, inasmuch as in those cases, where the court was submitting the question of damages to the jury, they were no longer prospective; but, at the time of the trial, in those cases respectively, the time had expired up to which the profits in question were to be estimated. In such cases, all the *data* for ascertaining what profits might have been obtained from the business could be furnished by witnesses; and there was no need of resorting to conjecture.

In the case at bar, while, for the year and a half which had transpired up to the time of the trial, the facts necessary to the forming of a correct estimate of what the profits might have been were ascertainable, yet, for the three years to come, there was no possible mode of finding out what profits might be realized; and, as to these, the charge, that the jury must judge for themselves, applying the rule and the case already enjoined upon them, was erroneous; and this was covered by the defendant's exception. The rules, &c., already enjoined were, in substance, a careful consideration of all contingencies of the business, judging of the future in part from the past, so as to arrive at a rational and satisfactory conclusion whether, if the partnership business had been continued through the five years, it would have resulted in a profit, and what profit.

No rule that the court did suggest or could have suggested was sufficient to enable the jury to arrive at any soluti‹ n of

Van Ness *v.* Fisher.

the problem submitted to them. Their conclusion in regard to it could be only conjecture. The mode of arriving at the portion of the damages which were then prospective was, I think, clearly erroneous.

Again, the fact that the whole of the capital provided for by the articles of the partnership had been lost in the business before the defendant refused to go on further, was a sufficient ground for such refusal; and the motion for a non-suit upon that ground should have been granted.

The only obligation on either party as to the furnishing of capital was to put $1,000 into the concern. The $2,000 thus to be furnished by the two was to be the capital on which the parties agreed to carry on the partnership business.

There is no dispute but that the whole capital had been expended and lost in the business prior to the time when the alleged breach of the articles occurred, and that the firm had no means left with which to do business.

The partnership was not formed on any other idea or understanding by either party than that of doing the business contemplated upon the capital stipulated to be furnished, to wit, the $2,000, or as much more as the parties might voluntarily furnish. Nothing appears in the articles from which it can be inferred that a resort to the credit of the concern was contemplated as a means of carrying on its business. On the contrary, a cash capital being provided for, such inference is excluded.

Upon the loss of the $2,000, neither party could call upon the other to furnish more; consequently, upon the loss of the capital, no more business could be done, unless by mutual consent; for, if either could use the credit of the firm to procure the means of going on with the business, he could compel his copartner to furnish more capital than he agreed to furnish. This is plainly contrary to the intention of the parties, to be inferred from the contract. Hence, the parties having gone on without having made any profits, until the whole capital was exhausted, and the firm left entirely with-

Van Ness *v.* Fisher.

out means, the operations contemplated by the articles of copartnership must necessarily cease.

In *Griswold* v. *Waddington* (16 Johns., 491) the chancellor, after having stated by what means partnerships are dissolved under the French and civil law, says : " The English law of partnership is derived from the same source, and as the cases arise the same principles are applied. The principle here is, that when one of the parties becomes disabled to act, or when the business of the association *becomes impracticable,* the law as well as common reason adjudges the partnership to be dissolved. Pothier, in his treatise on partnership, says, ' that every Partnership is dissolved by the extinction *of the business* for which it was formed.' "

The loss of the entire capital, and the being left without means to carry on the business, renders the continuance of the business, in pursuance of the articles, *impracticable.* And if this is not such extinction of the business as Pothier contemplated, it is an analogous and equally strong reason for deeming the partnership dissolved. The observation of Huberns upon the effect of such extinction, *extincto subjecto tolletur ajectum,* as quoted by Mr. Collyer, in his treatise on Partnership (§ 115), is equally applicable to this case ; and, as the author there remarks, " in such cases a dissolution of the partnership would be presumed to have been in the contemplation of the parties on the occurrence of such events."

The same presumption seems unavoidable in the case at bar, and the result is that the defendant was justified in the refusal to go on, complained of.

This was ground for a nonsuit, which should have been granted.

Either of the two grounds above stated, without considering the others taken by the appellant, is sufficient to entitle him to a reversal of the judgment and order appealed from, and to a new trial, which must be granted, with costs to abide the event.

Judgment accordingly.