ARMINIUS CULLEY V. SARAH G. TAYLOR.

FILED OCTOBER 1, 1901.    NO. 10,251.

Commissioner's opinion, Department No. 3.

1. **Evidence: FINDINGS.** Evidence examined, and found to support findings of fact by trial court.

2. **Cropper's Right and Extent of Possession.** One who contracts to cultivate lands of another to a specific crop, upon shares, is entitled only to such possession of the land as is necessary and convenient for the use intended. In such case the owner of the premises will not be held to have worked an eviction, or an abandonment or rescission of the contract, by entering upon them after the season is too far advanced for the planting of

the specified crop and clearing them of weeds and planting another crop thereon.

3. **Measure of Damages Upon Breach of Cropper's Contract.** When one commits a total breach of his contract to cultivate lands of another in a workmanlike manner to a specific crop, the measure of damages is the injury to the lands, if any, from allowing them to lie idle and become foul with weeds, and the probable value of the landowner's share of the crop, had the contract been fulfilled.

ERROR from the district court for Sherman county. Tried below before SULLIVAN, J. *Affirmed.*

*Richard J. Nightingale,* for plaintiff in error:

The amended petition alleges that on October 28, 1894, the defendant in error made an oral lease with plaintiff in error for thirty-five acres of land for the term of one year, commencing on March 1, 1895, and ending on March 1, 1896; that the covenants of the lease were: (1) to pay as rent one-third of the crop to be delivered at the premises of Alonzo Zink, plaintiff in error's agent, and to give defendant in error the use of the corn-stalks; (2) to farm the thirty-five acres in a good and workmanlike manner; (3) to plant all of the land to corn; that plaintiff in error took possession of the land on March 1, 1895; that plaintiff in error has broken said covenants, and that defendant in error is damaged thereby in the sum of $87.50, to which petition defendant demurred. This demurrer was overruled. Thereupon plaintiff in error answered (1) by general denial; (2) alleging an agreement on express condition that the lease should be reduced to writing and signed by the owner of the land, and not by her agent, and that no written lease was ever given; that the terms not being complied with, the offer of plaintiff in error was withdrawn; (3) plaintiff in error pleaded the statute of frauds; (4) rescission, to-wit, that on or about August, 1895, defendant in error leased the premises to William Hancock during the alleged term of plaintiff.

Culley v. Taylor.

The reply denies the new matter in answer.

The petition does not state a cause of action.  The lease is not brought within the statute of frauds.  Compiled Statutes, 1897, ch. 32, sec. 5.

An oral lease can not begin *in futuro*.  Taylor, Landlord & Tenant [8th ed.], 30; *Rawlins v. Turner,* 1 Raym. [Eng.], 736; *Atwood v. Norton,* 31 Ga., 507.

The principal object of the statute of frauds is to provide for contracts affecting the possession of land, greater certainty of evidence.  If an oral lease *in futuro* be good where the term commences in four months from the date of the contract, it is good where it commences in four years thereafter.  Such a construction would be an intolerable nuisance to the community.  Where the contract is oral and the term of the lease ends more than one year from the date of the agreement, the transaction comes within the prohibition of the statute.  *White v. Holland,* 3 Pac. Rep. [Ore.], 573; *Cook v. Redman,* 45 Mo. App., 397; *Comstock v. Ward,* 22 Ill., 248; *White v. Levy,* 9 So. Rep. [Ala.], 164; *Bain v. McDonald,* 20 So. Rep. [Ala.], 77; *Greenwood v. Strother,* 16 S. W. Rep. [Ky.], 138.

*Long & Mathew* and *Aaron Wall, contra:*

A parol lease to commence *in futuro,* will support an action for rent without entry being made by lessee.  *Birckhead v. Cummins,* 4 Vroom [33 N. J. Law], 44; Woodfall, Landlord & Tenant [1st Am. 13th Eng. ed.], vol. 1, *197, vol. 2, *534.

AMES, C. .

This action was tried in the district court for Sherman county upon a petition alleging that on or about the 28th day of October, 1894, the parties entered into an oral contract of lease by which the defendant in error Taylor, demised to the plaintiff in error Culley, a certain 35 acres of land lying in said county, for the term of one year beginning March 1, 1895, the lessee agreeing to cultivate the premises to corn, and to pay as rent therefor one-third

of the produce, to be delivered, as the same should be husked, upon the premises of one Alonzo Zink, an agent of the plaintiff; the lessor also to be entitled to the stalks left standing in the field after the husking; and that as a further consideration for said leasing Culley agreed to farm said premises in good and workmanlike manner. It is further alleged that the plaintiff in error went into possession of the lands under the lease, but neglected to cultivate or plant them to corn, and allowed them to become foul with weeds, so that the lessor was damaged both by the loss of her share of the anticipated crop, and by the injury to the soil caused by the weeds, for which damages she prays a recovery. The answer for a first defense contains, first, a general denial; second, an admission that the plaintiff in error on October 28, 1894, entered into a negotiation with the defendant in error by her agent the said Zink, for the leasing of said premises for the term mentioned in the petition, but that the covenants of such lease were not finally nor definitely agreed upon, and that the plaintiff in error expressly refused to consider the contract complete, or himself bound thereby, unless the same should be first reduced to writing and signed by the parties, which was never done. This defense further specifically denies that the contract ever was completed, or that the plaintiff in error ever entered into the possession of the premises, but alleges that on the contrary the defendant in error, at all times, remained in possession of the same until some time in July or August, 1895, when she leased them to one Hancock, who went into possession and planted and cultivated them to winter wheat. For a second defense it is pleaded that the alleged contract was not in writing, and not to be performed within one year, and is therefore void by reason of the provisions of the statute of frauds. For a third defense it is pleaded that even if the defendant had entered into the alleged contract, "that said lease was thereafter rescinded, abandoned and annulled by plaintiff" by the entering upon said premises in June or July, 1895, and cutting the weeds thereon

and by leasing the same to Hancock, as before stated, and putting the latter in possession thereof. This last defense comes dangerously near admitting the contract sued on.

As to what in fact occurred there is very little conflict in the evidence, and the trial court was abundantly justified in finding especially as matters of fact, as he did do, in substance: First, that an oral contract, substantially as set out in the petition, was entered into between the parties at the time alleged, and second, that at various times and up to the latter part of May, 1895, there were conversations between the parties, in which the existence of the contract was recognized, and in which it was understood between them that the plaintiff in error was to cultivate the land in substantial accordance therewith, and that in the last of these conversations it was agreed that the plaintiff in error might, if he should choose to do so, cultivate the land to millet instead of corn. It becomes, therefore, unnecessary to discuss the statute of frauds. It may be fairly said, however, that a contract made October 28th to cultivate a field of corn in the coming season is a contract to be performed within one year from its date. The land was not cultivated nor occupied by the plaintiff in error, nor by any one during the summer of 1895, except that late in the season the defendant in error caused the weeds on a part thereof to be mowed at an expense of $6, and that later she caused the same to be cultivated to winter wheat, substantially as alleged in the answer.

Upon the question of damages, the court admitted testimony as to what was the yield and value of corn raised during the year 1895, on other similar lands in the neighborhood, and found from such evidence that if the lands had been properly cultivated, they would have yielded twenty-five bushels per acre, of the value of fifteen cents per bushel, and assessed the total damages, including injury to the land from permitting it to lie idle and grow up to weeds, for which amount and costs of suit, judgment was rendered.

There is in our opinion no merit in the contention that

the lessee suffered such an ouster or invasion of his possession as amounted to a rescission, or repudiation of his contract by the lessor. If the agreement is properly called a lease, or whether it be so or not, it contemplated only such possession of the land as was necessary or convenient for the specific use which the contract contemplated. The cutting of the weeds and the plowing of the land and cultivating it to wheat in the fall or latter part of the summer, after the season had too far advanced to permit of its cultivation to corn or millet, and after the plaintiff in error had apparently abandoned the fulfillment of the contract on his part, wrought him no injury, and was not an interference with his possession of which he can complain. The relation between the parties, in such cases, is not the ordinary one of landlord and tenant for a definite term, and at a fixed rent, and the owner of the land is entitled to any use or possession of the same, not inconsistent with the enjoyment of the rights reserved by the contract to the cultivator of the soil. Washburn, Real Property [3d ed.], p. 496, and authorities cited.

Upon the question of the measure of damages neither party cites any authority directly in point, nor have we, with the limited time at our disposal, been able to find any, but as at present advised, we are of opinion that the method adopted by the trial court is correct. The contract between the parties created a relation in the nature of a partnership in which one party was to furnish seed, time, labor and skill, and the other the use of the land upon which they were to be expended, and the gross produce was to be divided between them in the proportion named. We are of opinion, therefore, that the case falls within the principles of *Bagley v. Smith,* 10 N. Y., 489, which was an action for wrongful dissolution of a partnership, and in which damages were allowed for the loss of anticipated profits. About the item for damages to the soil from permitting it to lie uncultivated, there can be no reasonable doubt.

We recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

SULLIVAN, J., absent, not voting.