WILLIAM L. NEWBY, APPELLANT, V. FRANK A. LAURENCE, APPELLEE.

FILED JUNE 11, 1909. No. 15,410.

Injunction: EQUITY. N. and L. entered into an agreement whereby N. was to care for L.'s apple orchard and pick the fruit therein, receiving one-half the apples for his compensation, the remaining half to be delivered to L. A dispute arose between said parties concerning the division of the fruit, and L. fastened the gate which closed the way into said orchard and forbade N. coming upon said premises. L. and N. engaged in a personal encounter, and N. applied to the district court for an injunction to prevent L. from entering upon said premises for the purpose of harvesting any of said fruit and to restrain him from picking or disposing of the same. L. was induced to act as he did because N. had not made a proper division of the fruit harvested by him. *Held,* That N. did not come into equity with clean hands and was not entitled to said injunction.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*William L. Newby, James E. Addie* and *A. J. Sawyer,* for appellant.

*R. M. Proudfit* and *R. D. Brown, contra.*

ROOT, J.

Action for an injunction. Defendant prevailed, and plaintiff appeals.

In 1906 defendant's wife owned, and he controlled, 62 acres of land in Saline county, upon which there was an apple orchard of 30 acres. Defendant resided about 20 miles distant. The land was fenced, but otherwise unimproved, and was heavily incumbered. May 11 the par-

ties hereto made an oral contract by virtue whereof plaintiff was to plant and till the cultivated land and mow the meadow for a share of the product. He was also to care for said orchard, pick the fruit and receive one-half thereof for his compensation. Plaintiff neither planted nor cultivated the plow land, and paid no attention to the grass land but arranged for other parties to attend thereto. Laurence acquiesced in those arrangements and received all of the rent for said lands. Plaintiff did not give much attention to the orchard, and failed entirely to harvest the summer apples, but defendant picked and marketed them. The berries grown on the land were gathered and principally retained by plaintiff. In September a dispute arose between the parties concerning a division of the apples which had then been harvested. Defendant forbade plaintiff going into the orchard, and closed and locked the gate by which access was gained thereto. Plaintiff attempted to enter the premises, and in a contest between the parties plaintiff shot and slightly wounded defendant. In a criminal prosecution therefor he was acquitted by a jury. About ten days after this difficulty plaintiff applied to the district judge and, without notice to defendant, secured a temporary injunction against him enjoining Laurence from interfering with plaintiff in the possession of said premises and from preventing plaintiff picking said fruit, and restrained defendant from selling or disposing of any of said fruit until the same had been divided. Later, upon issue joined and a trial on the merits, the court found generally for defendant, dissolved the injunction, and dismissed plaintiff's petition.

The relation of landlord and tenant did not exist between the parties. Plaintiff was a cropper or an employee entitled to a share of the fruit as compensation for his labor, and defendant had the right to go upon said premises for any proper purpose. Plaintiff's title to the apples could not, and did not, exceed an undivided one-half part thereof. *Culley v. Taylor,* 62 Neb. 651; *Sims v. Jones,* 54 Neb. 769, 69 Am. St. Rep. 749. Defendant had

not theretofore interfered in any manner with plaintiff in harvesting the apples, and at the time the difficulty between them arose the proof shows that plaintiff had not made an equal division of the fruit gathered at that time. Plaintiff did not come into equity with clean hands, nor was he any more entitled to exclusive possession of the orchard or the fruit therein than was defendant. The temporary writ was improvidently issued, and the court very properly dissolved it and dismissed the petition upon the facts as established by the evidence herein.

The judgment of the district court therefore is

AFFIRMED.