JOHN FEINBLOOM, Respondent, *v.* LOUIS FRIEDMAN, Appellant.

First Department, November 28, 1924.

Partnership — action for dissolution and accounting — existence of partnership — plaintiff may show that his agreed contribution in cash to partnership assets was paid by transfer of stock brokerage account — plaintiff is not entitled to recover as damages stipulated weekly allowance for unexpired term of partnership — such relief was not demanded and is incompatible with theory of action — plaintiff's right was not absolute but contingent upon profits which were not proven.

In an action for the dissolution of an alleged partnership and for an accounting. in which it appears that the plaintiff by the terms of the written partnership agreement was to contribute $10,000 in cash to the partnership funds, the plaintiff has the right to show that he contributed the stipulated amount by transferring to the partnership a stock brokerage account in which there was a cash equity of about $10,000, and that it was mutually agreed that said transfer would fulfill plaintiff's obligation in reference to his contribution.

The plaintiff is not entitled to recover as damages the amount of his stipulated weekly allowance for the unexpired term of the partnership, for he did not demand that relief in the complaint, nor was it included in the order of reference, the court having refused to make a finding that the plaintiff was entitled thereto, and for the further reason that the relief claimed is incompatible with the theory of the action; a partner who sues for the immediate dissolution of the partnership cannot also claim damages because the partnership is dissolved.

Furthermore, the plaintiff's right to the weekly allowance was contingent upon the partnership earning profits and there is no proof to sustain the finding that the partnership had a balance representing cash profits.

APPEAL by the defendant, Louis Friedman, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of May, 1921, upon the decision of the court rendered after a trial at the New York Special Term, and also from a final judgment entered in said clerk's office on the 15th day of March, 1922, confirming the report of a referee appointed by the interlocutory judgment.

*Leslie & Alden [Warren Leslie* of counsel], for the appellant.

*Maurice B. & Daniel W. Blumenthal [Daniel W. Blumenthal* of counsel], for the respondent.

FINCH, J.:

The plaintiff sued in equity for the dissolution of an alleged copartnership, and for an accounting. It appears that a written partnership agreement was entered into between the parties on January 10, 1920, to commence from the date thereof. Said agreement provided the plaintiff was to contribute $10,000 in cash. Upon the trial it appeared that the plaintiff had not paid $10,000 in cash, and hence the defendant contended that the partnership never came into existence. It does appear, however, that the day before the contract was signed the plaintiff transferred to the firm a stockbrokerage account in which there was a cash equity of about $10,000, and that it was the mutual agreement that this was in compliance with plaintiff's obligation to contribute said sum of $10,000. The account was used thereafter in the partnership business, and it is undisputed that the plaintiff was subsequently introduced by the defendant to various persons as his partner; that the plaintiff joined with the defendant in signing a lease for premises occupied by the firm; that the defendant filed with the county clerk a certificate of conducting business in the firm name signed by himself, in which the plaintiff was named as a member of the firm, and the plaintiff received from the firm $125 per week as provided by the partnership agreement. There was no error in permitting the plaintiff to show the actual consideration which the defendant received, since, as stated by Mr. Justice SMITH in *Hocking Valley R. Co.* v. *Barbour* (192 App. Div. 654, 659; affd., 230 N. Y. 599): " A party may, therefore, show in respect of a sealed executory agreement that the consideration recited was not in fact paid, and that there was no consideration for the obligation assumed. The right of the obligee, therefore, under such an executory contract logically follows to show that there was in fact a consideration for the obligation assumed, even though the consideration shown be at variance

with the consideration recited in the instrument. The same rule seems to be applicable to written instruments, whether or not under seal. The consideration expressed may be varied or contradicted where the sole purpose is to support the obligation assumed by one of the contracting parties. It is not necessary to discuss to what extent they may be varied if any, when the object of the evidence is to create an obligation at variance with that expressed in the instrument."

It follows that the interlocutory judgment should be affirmed.

In so far as the final judgment is concerned, the main question presented is whether the plaintiff is entitled to recover as damages the sum of $125 a week for the unexpired portion of the partnership term, which amount the partnership agreement provided should be allowed as services to " be charged as an item of expense of the copartnership business and as one of the overhead charges " thereof.

Not only does it appear that such relief was not demanded in the complaint and was not included in the order of reference, the trial court having refused to make a finding that the plaintiff was entitled thereto, but the granting of such relief is incompatible with the theory of the action brought by the plaintiff. While the plaintiff might have brought an action at law for damages (*Bagley* v. *Smith*, 10 N. Y. 489), or sued in equity for an accounting down to the time of the hearing, without dissolution of the partnership, which relief may be had " where the partnership is for a term of years still unexpired, and one partner has sought to exclude or expel his copartner or drive him to a dissolution " (*Lord* v. *Hull*, 178 N. Y. 9, 14), the plaintiff has elected to sue for a complete dissolution of the copartnership. Where the plaintiff thus asks for an immediate dissolution he cannot in the same breath ask for damages because the firm is dissolved by reason of the act of the defendants.

It is, moreover, clear that there was not an absolute right in the plaintiff to receive the sum of $125 weekly, but that such payments to him were contingent upon the continuance of the firm as a going concern, earning sufficient to meet the overhead including said weekly allowance. The plaintiff by procuring the dissolution of the firm has deprived it of the benefit of his capital contribution and obtained a division of its assets. These benefits he has elected to obtain rather than a division of profits only and a continuance of the firm and his investment therein.

Further, there is no proof to sustain the finding that on February 17, 1920, there was a cash profit of $7,233.70, belonging to the partnership. This finding is based on plaintiff's Exhibit 8, a report prepared from an audit of the books of the firm, made

for plaintiff by an accountant named Shoemaker. The result apparently is arrived at upon the theory that the firm itself speculated in stocks. There is no proof, however, that the accounts were the accounts of the firm rather than carried for the benefit of customers of the firm. The accountant, Shoemaker, called as a witness for the plaintiff, testified that he found no investment account on behalf of the firm during the life of the partnership. In other words, if the firm had no investment account of its own, then the alleged profit and loss shown from the long and short accounts of transactions in stocks belonged to the customers rather than the firm. If these facts are true, namely, that the firm had no investment account, and yet profited from the rise and fall of stocks ostensibly bought and sold on customers' orders, then the inference is that the firm was buying and selling against their clients' orders. There is, however, no proof of this.

It follows that the final judgment should be reversed, and a new trial ordered of the issues set forth in the interlocutory judgment, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Interlocutory judgment affirmed, with costs. Final judgment reversed and new trial ordered of the issues set forth in the interlocutory judgment, with costs to appellant to abide the event. Settle order on notice.