(33 App. Div. 214.)

### GUCCIONE v. SCOTT.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

PARTNERSHIP AGREEMENT—MODIFICATION.

By the terms of a partnership between plaintiff, defendant, and one H., it was agreed that the plaintiff should contribute $2,000 capital, and that on five months' notice he might withdraw, and receive back his contribution. The plaintiff in fact contributed only $1,600, which was accepted without objection. Subsequently, to induce the plaintiff to consent to the withdrawal of H., the defendant renewed the same arrangement as to notice and reimbursement. Thereafter the plaintiff gave five months notice, and at its expiration demanded his money, and, on the defendant's refusal, brought action to recover it. *Held*, that the circumstances established a waiver of the right to require full payment of the plaintiff's contribution as a condition precedent to his reimbursement, but that in any event the defendant's subsequent agreement to that effect rested upon a sufficient consideration.

(Syllabus by the Court.)

Appeal from trial term, New York county.

Action by Alfred Guccione against Alexander J. Scott. From a judgment entered by direction of the court after trial (47 N. Y. Supp. 475), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Alexander Thain, for appellant.
Clarence Ladd Davis, for respondent.

McLAUGHLIN, J. The plaintiff, defendant, and one Hazen entered into an agreement for the purpose of manufacturing and selling vermouth, other wines, and cordials, under the firm name of A. J. Scott & Co. Scott and Hazen were then, and for some time prior thereto had been, doing the same business under the same firm name; and they contributed, as their share of the capital, the stock, fixtures, and good will of the old business. The plaintiff agreed to contribute $2,500, of which $2,000 was to be paid in cash, and the balance at a time to be thereafter agreed upon. The agreement contained the following provision:

"That said party of the second part [plaintiff] shall have the right at any time to withdraw from the firm by giving five months' notice in writing to the parties of the first and third part [defendant and Hazen], and upon so terminating the partnership and his interest therein the said party of the second part shall be entitled to the return from the co-partnership of the money paid by him as above mentioned for his interest, less such sums as he may have received from said firm over and in addition to his share of the profits, and upon receiving such payment his interest in the firm shall cease and terminate."

Immediately following the execution of the agreement, the firm commenced business, and during the first month the plaintiff contributed in cash the sum of $1,661.89. It seems that the business was unprofitable, and, in less than three months from the time the agreement was signed, Hazen withdrew from the firm. A short time thereafter plaintiff served notice upon the defendant that he proposed also to withdraw from the firm, and that he desired a return of the money contributed by him; and, after waiting until the expiration of the period provided in the original agreement, he instituted this action to recover said sum. He had a judgment, from which the defendant has appealed.

Upon the trial it appeared, and the court found as a fact, that the defendant induced the plaintiff to consent to the withdrawal of Hazen, and to remain with him as a partner in carrying on the business under the same firm name, by agreeing that the plaintiff might withdraw from the firm at any time thereafter, and that in that event he would, within five months after such withdrawal, repay to the plaintiff the money contributed by him, less such sums as he in the meantime might have withdrawn over and above his share of the profits. It cannot be seriously questioned but what this agreement, if made, was founded upon a good consideration, and the plaintiff had a legal right to enforce the same. It is true, the defendant denies that he ever made such an agreement; but the learned trial justice before whom the case was tried had the benefit of observing the appearance and conduct of the parties when testifying, and his judgment as to their credibility ought not be disturbed by this court. But the defendant contends that the action is based upon the original partnership agreement, and that the plaintiff is not in a position to demand a return of the money contributed by him, inasmuch as he did not fully comply with that agreement himself. It is conceded that the plaintiff only contributed a little over $1,600, but it is urged that the defendant waived his right to demand a full compliance and strict performance of the contract by consenting to receive the amount paid in by plaintiff. After a careful consideration of the evidence offered upon the trial, we are satisfied that the conclusion reached by the trial court was the correct one, and that is that the defendant and Hazen, by accepting from the plaintiff less than $2,000, and permitting him to take part in the management of the firm, waived the right to insist upon a full and strict performance as a condition precedent to his right to withdraw thereafter the money contributed by him. The plaintiff testified that he told the defendant:

"I didn't have two thousand dollars, but I told him I had twelve hundred in the loan association. * * * He said one thousand dollars would not do. I told him I could raise fifteen hundred dollars by borrowing five hundred from my brother. He said that would do."

And thereupon the plaintiff put in the amount which he did.

It is undisputed that the business was thereafter carried on by the three parties under the original agreement until the withdrawal of Hazen, and that during that time plaintiff was treated as a partner. But, however this may be, the defendant, at the time Hazen withdrew, knew that the plaintiff had not complied with the terms of the original agreement by contributing the full amount therein provided; but notwithstanding that fact he promised that if the plaintiff would consent to Hazen's withdrawal, and continue in the business as a co-partner, the defendant would pay him, in case he desired to withdraw, the amount which he had contributed. The plaintiff having acted upon this promise, and thereby released Hazen, the defendant cannot now be released from the obligation which he then assumed. It is perfectly clear from the record that the defendant induced the plaintiff to invest his savings in the firm of A. J. Scott & Co. by representing that the business was a good one, when, according to his own testimony, he knew that it was in a failing condition. Scarcely had plaintiff parted with his money before the same was appropriated by the defendant, not for the purpose of extending the business of the firm in which the plaintiff was interested, but in extinguishing prior obligations of the old firm.

We think the judgment is just, and that it should be affirmed, with costs. All concur.