Mario Pittoni, J.
Defendant, Ira Haupt II, as sole surviving executor of the last will and testament of Ira Haupt, moves to dismiss the complaint on the ground that New York has no jurisdicition over this defendant and on the further ground that plaintiff cannot sue the executor because, prior to the commencement of this action, he failed to comply with the laws of the State of New Jersey.
Defendant is a foreign executor appointed by the Surrogate of Monmouth County, New Jersey, After Ira Haupt’s *630 death, June 13, 1963, his executors, on July 2, 1963 procured an order from the Surrogate directing creditors to present proofs of their claims against decedent’s estate on or before January 2, 1964, and on January 3, 1964 an order was made barring creditors who had failed to present their claims within the time required.
Plaintiff is a limited partner of Ira Haupt & Co., securities brokers and members of some stock and commodities exchanges.
The partnership was formed pursuant to a written agreement of limited partnership on April 1, 1960, under the laws of the State of New York, among plaintiff Nexsen, Ira Haupt, the deceased, Ira Haupt II, individually, as a general partner, and a number of other general and limited partners. A copy of the agreement was filed with the New York County Clerk, pursuant to the Limited Partnership Act. (Partnership Law, art 8.) Paragraph 3 of this agreement provides as follows; “ The Limited Partnership shall conduct its business in the City of New York, New York, and such other places as the Limited Partnership may thereafter determine.”
The main office of the partnership from the time of its organization until the present has been at 111 Broadway, New York City, New York.
Ira Haupt’s capital contribution to the partnership was $1,100,000 and also his memberships in various stock and commodities exchanges.
Plaintiff, for his contract capital, contributed securities valued at approximately $360,000, and later loaned the partnership certain securities then valued at approximately $245,000.
The partnership agreement stated plaintiff was to receive interest on his contract capital and on his loan and also a guaranteed minimum amount of participation in profits of at least $10,000 per year. These items were expenses of the business. In addition, the agreement stated that the general partners “jointly and severally agree furthermore to make good any deficiency in the contract capital contribution of any limited partners due to losses suffered by the limited partnership ’ ’ (par. 14 [3] of agreement). The agreement further provided that in the event of Ira Haupt’s death his interest was to continue as previously, subject to all the terms and conditions of the agreement, as though he were still alive, for a period, which in this case, continued to December 31, 1963, the termination of the agreement (par. 21). It also provided that all general partners would remain liable for their respective share of losses, liabilities, obligations or contingencies occurring at any time during their status as general partners, including *631 the period after their death, to which they were subject by the terms of the agreement, and in the case of Ira Haupt, for the balance of the agreement (par. 22). It also said that the agreement was binding upon, and for the benefit of, the respective heirs and legal representatives of the parties thereto, and that it was made and should be governed by the laws of the State of New York in all respects, including matters of construction, validity and performance (par. 42).
In the Fall of 1963, the partnership was suddenly faced with serious financial difficulties, and as a result thereof, on November 25, 1963, the general partners (including the Haupt estate), the New York Stock Exchange and various bank creditors, entered into an agreement by which the partnership’s business operations and assets were turned over to the New York Stock Exchange. This agreement also contained a provision that it was a contract made under and to be construed in accordance with the laws of the State of New York. The power of attorney annexed to this agreement provided the liquidator could do anything that the general partners, including the Haupt estate, could do as a partner.
On March 8, 1964 the general partners (including the Haupt estate), the Stock Exchange and the creditor banks entered into an agreement amending the November 25, 1963 document and providing for a substitution of the liquidator. Included in that amendment was a provision that the contribution of Ira Haupt remained at the risk of the business, subject to the claims of creditors.
Thereafter, the Haupt estate consented to the filing of a petition under chapter XI of the Bankruptcy Act (U. S. Code, tit. 11), but this petition was dismissed and the partnership was adjudicated a bankrupt. Meanwhile the partnership is being operated by the successor liquidator subject to the order of the Federal Referee in Bankruptcy.
The first problem is the question of jurisdicition over the estate of Ira Haupt, pursuant to CPLR 302 (subd. [a], pars. 1, 2) which states as follows:
“ § 302. Personal jurisdiction by acts of non-domiciliarie,s. (a) Acts which are the basis of jurisdicition. A court may exercise personal jurisdicition over any non-domieiliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
“ l! transacts any business within the state; or
“ 2. commits a tortious act within the state ”.
*632 This statute must be interpreted reasonably and according to its plain language. Therefore, the word ‘ ‘ executor ’ ’ means the executor of a foreign or nondomiciliary estate, and includes an executor who on behalf of his estate or whose decedent during life " transacts any business within the state ”, or that executor or whose decedent ‘ ‘ commits a tortious act within the state ”.
Let us first consider the language of paragraph 1 of subdivision (a) “transacts any business within the state”. In Steele v. De Leeuw (40 Misc 2d 807, 808), I said “ the transaction of business test, as set forth in the new statute, requires considerably less than the contacts required in this State under the doing business test of the former procedure.” Here, the original contract dated April 1, 1960, which is the core of this case, was executed by plaintiff and Ira Haupt, the deceased, in New York and was for the conduct of business in New York; in fact, business thereunder was conducted primarily in New York City. After Haupt’s death, his executors, as representatives of his estate, transacted further business in New York by executing a number of agreements with and affecting plaintiff, especially that of November 25, 1963 wherein they agreed to permit the Stock Exchange to operate and control the partnership, and also that of March 8, 1964 when they reiterated that the Ira Haupt capital contribution in the partnership continued at the risk of the business and subject to the claims of creditors. Thus, the executor, having been personally served in New York, is subject to the jurisdiction of the New York courts, not only for Ira Haupt’s transaction of “ any business within the State ” prior to death, but also for his own transaction of business within the State as executor for the deceased Ira Haupt, both before and after the expiration of the partnership agreement on December 31, 1963.
Now let us consider the language “commits a tortious act within the state ”, found in CPLR 302 (subd. [a], par. 2). A cause of action in the complaint alleges a conversion, and this is a tortious act. As I stated previously, CPLR 302 (subd. [a]) applies whether the act complained of was committed in New York State by the decedent or by his executor. Therefore, the executor may be sued in New York on this cause of action.
Be that as it may, the partnership agreement states that it is to be governed by the State of New York in all respects and that the Ira Haupt estate continues to be subject to the agreement as if he were alive.
My conclusion is that defendant, Ira Haupt II, executor of Ira Haupt, deceased, may be sued in this action in New York pursuant to CPLR 302 [a]).
*633 Defendant executor’s other contention is that he cannot be sued in New York because of plaintiff’s failure to file a claim in the Surrogate’s Court of New Jersey. However, as previously stated, the partnership agreement was made under and is governed by the laws of the State of New York in all respects, including matters of construction, validity and performance.
The partnership agreement, with respect to the effect of Ira Haupt’s death, provided that “ his interest in the limited partnership business shall continue ” until the termination of the partnership and that he would be bound by all the terms of the agreement ‘' as though Ira Haupt were still living. ’ ’ This language shows that the partnership agreement remains enforcible against Haupt’,s estate until final liquidation, in accordance with the laws of New York.
Plaintiff has a right to maintain this suit as a limited partner against all the general partners, including the Haupt estate, for the return of his capital contribution. He has a right to bring an action at law for this money because the general partners agreed to indemnify the limited partners from their individual assets. (Herrick v. Guild, 257 App. Div. 341.) Furthermore, with respect to the repayment of plaintiff’s contract capital contribution and the payment of creditor claims, the obligation of the general partners is that of joint and several guarantors (pans. 14-3 and 20 of the partnership agreement).
Also, the complaint demands an accounting and damages for conversion against the estate of Ira Haupt and the other general partners.
Thus, since the partnership agreement was made and performed in New York, and was to be enforced in accordance with the laws of New York, since the liability of the Haupt estate continued as though Ira Haupt were still living, since the estate representatives executed additional contracts binding in the State of New York, .since there is no action pending for the same cause of action elsewhere, and since the New Jersey courts cannot give relief in this matter as they could not have jurisdiction over the partnership and its general partners with respect to the matters alleged in the complaint, the Supreme Court of the State of New York is not only the proper forum but the only forum. Under the circumstances, the pendency of the New Jersey proceedings is not a basis of dismissal under CPLR 3211 as it is not an action between the same parties for the same cause of action alleged in the complaint. Defendant’s motion to dismiss the complaint is denied.