■ SAMUEL W. H. NEXSEN, Respondent, v. NEW YORK STOCK EXCHANGE, Appellant, et al., Defendants.— In an action by a limited partner of a securities brokerage firm, to recover moneys and securities and for damages and an accounting, the defendant New York Stock Exchange appeals from an order of the Supreme Court, Nassau County, entered August 28, 1964, which denied its motion to dismiss the complaint on the ground that it fails to state a cause of action as against the Exchange; or in the alternative, for summary judgment (CPLR 3211, subd. [a], par. 7; subd. [c]). Order reversed, with $10 costs and disbursements; motion granted; and complaint, as against the defendant New York Stock Exchange, dismissed, with costs. Plaintiff was a limited partner of the defendant Ira Haupt & Co. (hereafter called "Haupt"), which was a member of the defendant New York Stock Exchange. The Exchange suspended Haupt's membership on November 20, 1963. This action is: (a) to recover moneys and securities claimed to be owing to plaintiff by Haupt under the Haupt partnership agreement and under a certain loan contract between plaintiff and Haupt; (b) for an accounting; and (c) for damages on a claim of conversion of securities. Plaintiff seeks to hold the Exchange liable, in seven causes of action, on the theory, in addition to the claim for conversion, that on November 25, 1963 the Exchange succeeded to and took control of the business and property of Haupt; began to operate Haupt's business through its agent and designee, the defendant James P. Mahony; and undertook to pay the claims of Haupt's creditors, knowing that plaintiff was also a creditor of Haupt. Plaintiff relies on certain provisions in the Haupt partnership agreement and in the loan contract, of which it is claimed the Exchange had knowledge. In the partnership agreement these provisions are that the agreement is binding on the "legal representatives" of the parties thereto; and in the loan

contract, these provisions are that Haupt's obligations under it are "binding upon any firm which may succeed to Haupt's business." The suspension of Haupt was due to its impaired financial condition. After the suspension, and on November 25, 1963, an agreement was entered into between Haupt's general partners, the Exchange and several bank creditors of Haupt, for the purpose of liquidating Haupt because of its insolvency. The agreement provided that the Exchange thereby designated a member of its staff, the defendant Mahony, as liquidator; that he was satisfactory to the majority of the banks; that he was to take control of the business and property of Haupt; that the Haupt general partners were to execute powers of attorney appointing him as such liquidator and as attorney in fact for all the Haupt partners; and that the Exchange would pay into a "Liquidator's Escrow Account" several million dollars for use in payment to Haupt creditors. The powers of attorney were executed; Mahony performed his duties until March 8, 1964, when another agreement was made under which he was succeeded by another person designated by the Haupt general partners; and the Exchange fulfilled its commitment to make the cash contributions. Thereafter, on March 23, 1964, an involuntary petition in bankruptcy was filed against Haupt; and on March 30, 1964 a petition for an arrangement under chapter XI of the Bankruptcy Act was filed. Assuming *arguendo* that the Exchange's liability position to plaintiff was the same as that of the defendant Mahony, on the theory that Mahony was the agent of or dominated by the Exchange, it is nevertheless clear that the transfer of Haupt's assets to Mahony and the granting of the powers of attorney to him did not operate to render the Exchange the successor to Haupt or the legal representative of the Haupt partners. The November, 1963 agreement not only described Mahony's function as solely a liquidator and attorney in fact for the Haupt partners, but expressly indicated that the Exchange's cash contribution was not consideration for an acquisition of anything but constituted only a limited voluntary advance to be used to pay Haupt creditors. This agreement further provided that neither Mahony nor the Exchange was to acquire "any interest in the business or assets of Haupt" or become a Haupt partner or joint venturer in the Haupt business; that the powers granted by the agreement and the powers of attorney "shall be employed not for the purpose of conducting the business of Haupt but for the purpose of liquidating it;" that the Haupt partners were not to acquire "any right of recourse or indemnity against the Exchange;" and that no one not a party to the agreement was to have any rights under it. If indeed the transfer of assets was absolute under this agreement, the complaint nevertheless does not allege, nor does plaintiff claim, that any wrong was committed at the time of the transfer of the assets, viz., fraud or a transfer for inadequate consideration. Accordingly, we conclude that no cause of action exists against the Exchange on the theory that the Exchange stands in the shoes of Haupt and has thus become liable, either by operation of law or by agreement or because of the commission of a direct tort. In any event, plaintiff is not entitled to payment, either on account of his capital contribution or return thereon, or as a creditor, before creditors who are not partners are paid in full or until full payment to them is assured (Partnership Law, §§ 102, 105, 112). Plaintiff's further claim for conversion in the sixth cause, is based on a separate theory of liability. Under the partnership agreement plaintiff was required to contribute, as capital, $250,000 in cash or securities of that value, the valuation being in accordance with the "Capital Requirements Rules" of the Exchange, and being also referred to as "Capital Requirements Value." The agreement also provided that each partner who contributed securities had "the right, at any time and from time to time" to a return of the securities to him if he "shall substitute therefor cash in the amount of the

Capital Requirements Value of said securities." Plaintiff's claim is that his capital contribution, made on the effective date of the partnership agreement, consisted of securities which had a market value of $360,000 at that time and which had a market value in excess of $250,000 " at all of the times during the Partnership Agreement "; and that on December 3, 1963 he tendered $250,000 to Haupt, the Exchange and Mahony, and demanded the return of the securities. Assuming *arguendo* that plaintiff would otherwise have been entitled to his securities on the tender of the cash, he nevertheless is not entitled thereto so long as creditors who are not partners have not been paid in full or the partnership assets are insufficient to discharge the liabilities to such creditors (Partnership Law, §§ 102, 105). Since as against the Exchange none of the claims asserted in the complaint is valid, the complaint should have been dismissed insofar as it is against the Exchange. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.