WILLIAM STERN et al., Respondents, v. BRUNO E. LOW, Appellant, et al., Defendant.— Judgment of the Supreme Court, Kings County, dated January 5, 1966, reversed insofar as appealed from, with $10 costs and disbursements; plaintiffs' motion for summay judgment denied; and complaint dismissed as against appellant, with leave to plaintiffs to replead. The time to serve an amended complaint is extended until 20 days after entry of the order hereon and upon payment of the costs and disbursements herein granted. The action is for specific performance of an agreement providing for defendants, as general partners of a real estate partnership syndication, to repurchase, upon demand, all or any part of plaintiffs' interests, as limited partners thereof. Ordinarily, general partners are personally and individually liable for all obligations of the partnership, where the joint property is inadequate to pay partnership debts (Partnership Law, § 26; *Ruzicka* v. *Rager,* 305 N. Y. 191; *Friedman* v. *Gettner,* 6 A D 2d 647, affd. 7 N Y 2d 764), so that, when partnership assets are insufficient, creditors may look to the separate property of any one of the general partners. In view of this principle, whether the agreement herein is viewed as a promise by defendants to repurchase plaintiffs' interests out of partnership assets or out of their individual assets, the complaint is insufficient in the absence of allegations that all liabilities of the partnership, other than those owed to general and limited partners on account of their contributions, have been paid, or that there shall remain sufficient property of the partnership to pay them, in the event plaintiffs are granted relief (Partnership Law, § 105, subd. [1], par. [a]; *Herrick* v. *Guild,*

257 App. Div. 341). Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur; Hopkins, J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: In my opinion, the complaint states a cause of action to recover plaintiffs' damages arising out of the breach by defendants of their agreement to repurchase plaintiffs' interests, The answer of defendant Low does not dispute the existence of the agreement, or its breach. There is no claim of the intervening rights of creditors. Though the rule that partners may not sue one another at law until an accounting has been settled is sometimes expressed in broad terms, it is not inflexible and yields to the nature of the obligation in suit. The rule does not apply to express promises made in relation to special transactions (*Middleton* v. *Twombly,* 125 N. Y. 520, 524; *Howard* v. *France,* 43 N. Y. 593, 596; *Herrick* v. *Guild,* 257 App. Div. 341, 342). Usually, rights under contracts between partners as individuals are treated the same as if they were not partners (1 Rowley, Partnership [2d ed.] § 21.1, subd. A, par. 5; cf. *Corr* v. *Hoffman,* 256 N. Y. 254, 271–275). "While partners cannot sue one another at law for any of the business or undertakings of the partnership, they may so sue each other for a breach of any distinct covenant in the partnership agreement" (*Guccione* v. *Scott,* 21 Misc. 410, 411, affd. 33 App. Div. 214). Hence, I would construe defendants' undertaking as personal and not a partnership liability; and I see no virtue in requiring plaintiffs to allege specifically that creditors have been paid or may be paid from the assets of the partnership. Obviously, plaintiffs were induced to purchase the interest on the promise of defendants to restore them to their former financial position, if plaintiffs so elected within the time prescribed by the agreement (cf. *Guccione* v. *Scott, supra*), and I think that the promise may be enforced by plaintiffs as against defendants individually, without regard to the assets of the partnership.