49498. MILLS et al. v. KOCHIS et al.

DEEN, Judge.

This is an action by the limited partners in Colony Creek Apts., Ltd. against the general partners, based on certain repurchase commitments in the articles of partnership, for a judgment "in the amount of $75,000 representing the capital contributions to the partnership which plaintiffs have lost as a result of the defendants' breach," lost profits and punitive damages. The trial court granted the plaintiffs' motion for summary judgment as to Count 1 of the complaint, and defendants

appeal. *Held:*

It is uncontested that the articles of partnership contained a repurchase commitment by the general to the limited partners in the event of foreclosure proceedings, and that the property of the partnership was in fact foreclosed on and sold; that the partnership is and has been insolvent for some time prior to the demand to repurchase, and that the limited partners' contributions represent more than 50% of the total investment. It is the contention of the appellants that these provisions of the partnership agreement are void or inoperative where (1) another clause in the agreement forbids a sale or exchange of partnership interest if this would result in termination of the partnership under 26 USCA § 708 (providing for termination if more than 50% of the total interest in partnership capital and profits is sold within a 12-month period); (2) such sale is in violation of Code Ann. § 75-414; and (3) is in violation of Code Ann. § 75-417 (1a).

1. The resale sought by all of the limited partners acting together would in fact constitute a sale of more than 50% of the partnership assets and would appear to be barred by clause 8.2B of the partnership agreement. On the other hand, so far as the partnership agreement itself is concerned, clause 5.3 does purport to place a repurchase obligation on the general partners in the event of mortgage foreclosure prior to endorsement of a final commitment for permanent mortgage insurance by the Federal Housing Commission, a contingency which has occurred. Because the case is otherwise disposed of, we do not decide here which clause would take precedence.

2. Code Ann. § 75-414 does not apply because it is limited to situations where a limited partner has loaned money to or otherwise transacted business with the partnership. Thus we do not consider Linder v. Vogue Investments, Inc., 239 Cal. App. 2d 338 (48 Cal. Rptr. 633), in point since it only concerns the withdrawal of a contribution from the *partnership.*

3. Code Ann. § 75-417 (1) provides in part: "A limited partner shall not receive *from a general partner* or out of the partnership property any part of his

contribution until (a) All liabilities of the partnership, except liabilities to general partners and to limited partners on account of their contributions, have been paid or there remains property of the partnership sufficient to pay them." (Emphasis supplied.)

Partnership Law § 105 of the State of New York is in the exact language of our Code Ann. § 75-417, both being in the language of the Uniform Limited Partnership Law. That state held in Herrick v. Guild, 257 App. Div. 341 (13 NYS2d 115), that where the articles of partnership followed the language of § 105 in providing for an indemnification by the general partners to the special partner of his contribution after payment of debts and liabilities of the partnership "this is a condition precedent to plaintiff's right to maintain an action at law on the covenant of the general partners to personally protect plaintiff from loss on his capital contribution." This qualifying language is not in the articles of partnership under consideration, but it is in the law, and is therefore controlling here as it was there. An agreement to indemnify limited partners made by general partners is enforceable. Nexsen v. Ira Haupt & Co., 44 Misc. 2d 629 (254 NYS2d 637). But it is a condition precedent thereto that creditors other than the partners shall first have been paid. Nexsen v. N. Y. Stock Exchange, 24 A. D. 2d 514 (3) (261 NYS2d 780). The reason for this obviously is that after the assets of the partnership are exhausted, creditors take precedence over limited partners as to the assets of the general partners which may be available for the payment of claims other than transactions where the limited partner may be considered as an ordinary business creditor in other than partnership contribution situations, regardless of whether or not such a restriction also appears within the articles of partnership themselves.

We therefore hold that the trial court erred in granting the plaintiffs' motion for summary judgment as to Count 1. The denial of the defendants' motions for summary judgment is without error.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 26, 1974 — DECIDED JULY 5, 1974 —
REHEARING DENIED JULY 23, 1974 — 

*Arnall, Golden & Gregory, H. Fred Gober,* for appellants.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, S. Phillip Heiner, Susan A. Cahoon,* for appellees.