29280. KOCHIS et al. v. MILLS et al.

JORDAN, Justice.

We granted certiorari to review the Court of Appeals decision in *Mills v. Kochis,* 132 Ga. App. 492 (208 SE2d 352).

This action originated as one brought by the limited partners in an organization known as Colony Creek Apts., Ltd., against the general partners, grounded on certain repurchase commitments contained in the articles of partnership. The plaintiffs sought judgment "in the amount of 75,000 representing the capital contributions to the partnership which the plaintiffs have lost as a result of the defendants' breach," lost profits and punitive damages. The trial court granted a motion for summary judgment made by the plaintiff as to Count 1 of the complaint and the defendants appealed to the Court of Appeals.

The Court of Appeals reversed, holding that Code Ann. § 75-417 made the payments of all debts and liabilities of the partnership a condition precedent to the personal indemnification by a general partner to a limited partner of his contribution to the partnership.

Code Ann. § 75-417 (1) provides in part that: "A limited partner shall not receive from a general partner or out of the partnership property any part of his contribution until (a) all liabilities of the partnership, except liabilities to general partners and to limited partners on account of their contributions, have been paid or there remains property of the partnership sufficient to pay them."

A general partner in a limited partnership is subject to all the liabilities of a partner in a partnership without limited partners except for listed exceptions. Code Ann. § 75-410. The exceptions listed are not applicable here so "as to third persons, all [general partners] shall be liable not only to the extent of their interests in the partnership

property, but also to the whole extent of their separate properties." Code § 75-103. Such being the case, creditors of a limited partnership would necessarily look to the personal assets of the general partners for satisfaction of debts owed, after the assets of the partnership have been exhausted.

The questions presented by this appeal are matters of first impression in this state so our appellate courts must look elsewhere for relevant authority. The partnership law of New York, section 105, is in the exact same language as our Code Ann. § 75-417, and we, as did the Court of Appeals, find the decisions in that jurisdiction particularly persuasive. The Supreme Court of New York was faced with a case that was for all practical purposes identical to the case sub judice in Stern v. Low, 27 A. D. 2d 756 (277 NYS2d 756) (1967). That case, after discussing a creditor's right to look to a general partner's personal assets after partnership assets were exhausted held that: "In view of this principle, whether the agreement herein is viewed as a promise by defendants to repurchase plaintiff's interests out of partnership assets or out of their individual assets the complaint is insufficient in the absence of allegations that all liabilities of the partnership, other than those owed to general and limited partners on account of their contributions, have been paid, or that there shall remain sufficient property of the partnership to pay them, in the event plaintiffs are granted relief (Partnership Law § 105, subd. [1], par. [a]; Herrick v. Guild, 257 App. Div. 341, 13 N. Y. S. 2d 115)."

Partners generally, be they general or limited, may make any agreement between themselves that they deem desirable so long as said agreement is not in violation of prohibitory statutory provisions, the common law, or relevant considerations of public policy. Weil v. Diversified Properties, 319 FSupp. 778, 781 (D. D. C. 1970); *Solomon v. Solomon,* 2 Ga. 18. The New York Court in Stern, supra, and the Court of Appeals in this case construed the repurchase provision found in the partnership agreement to be in violation of a prohibitory statute and not enforceable absent a showing that obligations to third party creditors have been satisfied. We agree with both the reasoning and the result of both

cases. To hold otherwise would be contrary to the spirit of the Uniform Limited Partnership Act, Code Ann. § 75-417 (1), and allow a limited partner to accomplish indirectly what the controlling statute clearly prohibits.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Gunter and Hall, JJ., who dissent.*

ARGUED NOVEMBER 14, 1974 — DECIDED FEBRUARY 11, 1975.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, S. Phillip Heiner, Susan A. Cahoon,* for appellants.
*Arnall, Golden & Gregory, H. Fred Gober, Timothy R. Askew,* for appellees.