CARROLL, Associate Judge.
The appellants, defendants below, appeal from a final summary judgment for $190,-000.00 plus certain interest, entered against them on Count III of the plaintiffs’ three count complaint.
The plaintiffs Norman H. Cohan and Frederick Wise alleged that the above styled corporate defendants were owned and controlled by the above named individual defendants; that on or about September 22, 1972, the defendants, as limited or general partners, were members of a partnership designated as Monterey Apartments of Tallahassee, Ltd., through which they were engaged in a building project; that the defendants induced the plaintiffs to pay them $190,000.00 for a fifty percent interest in the partnership, which plaintiffs did, thereby becoming limited partners; and that to induce plaintiffs to do so the defendants made certain false representations.
Attached to the complaint were several documents. One was an instrument designated as a guarantee, by which the defendants agreed they would furnish the money, over and above the mortgage commitment amount of $2,250,000.00, which should be needed to complete the project.
In the three counts of the complaint, the defendants were charged with having misrepresented the financial condition of the partnership, and their financial ability to complete the project. The first count further alleged the defendants had not intended to comply with their agreement to supply the money to complete the project, and they did not supply such funds, with the result that the mortgage was foreclosed, and thereby the plaintiffs lost the amount of their investment, for which sum they sought recovery.
In Count II it was alleged that defendants’ inducement of the plaintiffs to so invest in the partnership was made at a time when the building project was “in financial difficulty”; that defendants knew they did not possess financial ability to complete the project and had not intended to do so, and that by reason of the failure of the defendants to supply the funds necessary therefor, the foreclosure occurred, and the plaintiffs’ interests were “wiped out,” for which plaintiffs sought damages.
In Count III the basic allegations were repeated, including allegations that while knowing they lacked financial ability to complete the project, the defendants represented they had such financial ability, as a *56 means of inducing plaintiffs to invest in the partnership, which plaintiffs did in the amount of $190,000.00; and that by reason of the failure of the defendants to comply with their undertaking to supply the money needed to complete the project, “the subject property has become a financial fiasco and the plaintiffs have lost the monies which they have invested therein”; whereupon the plaintiffs sought damages.
Following answer by defendants, the plaintiffs moved for summary judgment. Certain depositions were taken. It was made evident that the project had failed for want of money to complete it. Evidence relating to the alleged misrepresentations by defendants was inconclusive. The trial court entered a final summary judgment on Count III, granting judgment to plaintiffs against the defendants for $190,000.00 with interest from the date of the filing of the action, and with provision for the issuance of execution.[1] The court reserved jurisdiction for further proceedings on Counts I and II in event of reversal of the judgment. This appeal by defendants ensued.
What the plaintiff limited partners sought and obtained by the (partial) final summary judgment was to receive from the general partners a return to plaintiffs of their partnership contributions. That is apparent, because the judgment was for the amount of their contributions, and there was no showing or proof of damages, other than loss of their contributions, as a result of the alleged misrepresentations of defendants or for alleged failure or refusal of defendants to supply the funds needed to complete the project.
To the extent that it was based on plaintiffs’ allegations of fraud, the summary judgment was not justified. As stated in Hermes v. Anton, 300 So.2d 46, 47 (Fla. 3d DCA 1974), “Generally, the issue of fraud is not a proper subject of a summary judgment. Fraud is a subtle thing requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud. Automobile Sales, Inc. v. Federated Mutual Implement and Hardware Insurance Co., Fla.App.1972, 256 So.2d 386 and cases cited therein.”
That principle is applicable here. The alleged fraud of defendants, as a basis for recovery by plaintiffs, was not established beyond issue, so as to prompt summary judgment. On the contrary, the appellants-defendants point to some evidence in the record which appears to refute certain of the plaintiffs’ fraud claims.
As an alternative ground of support for the judgment, the appellees argue the judgment was properly entered against defendants for a breach of the defendants’ “guarantee.” We hold that contention is without merit. By the instrument referred to, a copy of which was attached to the complaint, the defendant partners agreed (1) that the project would be completed in accordance with the plans and specifications, and (2) that they would provide the funds necessary therefor, over and above the $2,500,000.00 mortgage. The document did not contain any agreement by the defendant partners to repay or reimburse the plaintiff partners for the amount of the latters’ contributions if the project should fail, for their failure to supply such funds or any other reason. That document could not be the basis for granting to plaintiffs a judgment against the defendants for a return of plaintiffs’ contributions to the partnership.
Moreover, as pointed out by appellants, with this partnership being insolvent, receipt by the plaintiff limited partners of their contributions from the defendant partners, which the judgment would accomplish, would be contrary to the express provision of the Uniform Limited Partnership Law, Section 620.16, Florida Statutes *57 (1977). See Kochis v. Mills, 233 Ga. 652, 212 S.E.2d 823 (1975).
For the reasons stated, the summary judgment is reversed.

. As to the impropriety of granting the partial final summary judgment prior to judgment on the entire action, see Pena v. Tampa Savings & Loan Association, 363 So.2d 815 (Fla. 2d DCA 1978); Pointer Oil Company v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla. 3d DCA 1974); Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA 1971); Fontainbleau Hotel Corp. v. Young, 162 So.2d 303 (Fla. 3d DCA 1964).