39554, 39555. WESTMINSTER PROPERTIES, INC. et al. v. ATLANTA ASSOCIATES et al.; and vice versa.

HILL, Chief Justice.

Atlanta Associates, a limited partnership, was formed in 1970, with Westminster Properties, Inc. (Westminster) as one of the limited partners. The partnership executed a security deed to Westminster in 1973 to secure a loan in the original amount of $630,000. The partners were not personally liable on the loan and Westminster could not recover any deficiency from them.

The partnership agreement was amended in 1975, at which time Westminster became a general partner and Harrison Associates, Ltd. (Harrison), became a general and limited partner. This amendment specified that the capital contributions of the new limited partners were to be used to repay the Westminster security deed, and that Westminster would lend the partnership up to $45,000 per year for operating expenses. By another 1975 amendment, Inter-American Management Co. (Inter-American) took Harrison's place as general partner and became the managing general partner, Westminster agreed to loan the partnership $125,000 for operating expenses, and Harrison agreed to make three annual loans to the partnership commencing in December, 1976, to repay the $125,000 loan from Westminster.

The principal asset of the partnership is an apartment complex on which Westminster, now one of the general partners, has the security deed granted by the partnership in 1973.

In October, 1977, the partnership filed a petition under Chapter XII of the Bankruptcy Act of 1898. Westminster refused to consent, and the bankruptcy court dismissed the petition on the basis of Bankruptcy Rule 12-8, which requires that all general partners must consent to a bankruptcy petition of a partnership. See Atlanta Associates v. Westminster Properties, 581 F2d 265 (5th Cir. 1978).

Westminster then began advertising its intent to foreclose on its security deed on the apartment complex. The partnership (Atlanta Associates), its managing general partner (Inter-American), and its limited partner (Harrison) brought this action against Westminster to enjoin foreclosure and for other relief.[1] The trial court refused to

---

[1] This other relief included prayers for an order compelling Westminster to consent to the bankruptcy petition, or at least not to interfere with it, or to resign its

enjoin the foreclosure but did order Westminster not to sell the property to a third party pending a final determination in this case.

Westminster filed a "Motion to Dismiss and for Summary Judgment" which the trial court granted. We reversed on procedural grounds, *Atlanta Associates v. Westminster Properties,* 242 Ga. 462 (249 SE2d 252) (1978), finding that the complaint was sufficient to withstand the motion to dismiss and that plaintiffs had not been notified that the motion to dismiss was being treated as a motion for summary judgment. On remand and after discovery, each side filed motions for summary judgment. The trial court denied both motions and certified its order for immediate review. Both sides appeal.

1. Plaintiffs contend Westminster breached its fiduciary duties as a general partner by refusing to consent to the bankruptcy petition and by foreclosing. They assert that Westminster's duties as a partner should prevail over its rights as a secured creditor where the two are in conflict. Westminster states it was merely enforcing its rights under federal law and the security deed.

The general rule is that partners owe the strictest good faith to each other. OCGA § 14-8-40 (Code Ann. § 75-201); see also OCGA §§ 23-2-58, 23-2-59 (Code Ann. §§ 37-707, 37-708). However, as between partners the intent of the parties is the true test, and a partnership may be created by a contract giving rights or imposing obligations differing from those which the law ordinarily infers. See *Huggins v. Huggins,* 117 Ga. 151 (1) (43 SE 759) (1902). "Partners generally, be they general or limited, may make any agreement between themselves that they deem desirable so long as said agreement is not in violation of prohibitory statutory provisions, the common law, or relevant considerations of public policy." *Kochis v. Mills,* 233 Ga. 652, 653 (212 SE2d 823) (1975).

The partnership agreement here referred to the security deed held by Westminster and specified that certain capital contributions were to be used to retire that obligation to Westminster. Thus the security deed became a part of the partnership agreement and established the rights of the partners, including Westminster. Foreclosure on the security deed upon default is one of those rights. Plaintiffs argue that a partner who makes a secured loan to the partnership cannot, by virtue of its duties as a partner, enforce its

position as partner, and an order finding that Westminster had forfeited its partner status and rights and its consent is not required for the petition. The complaint was later amended to seek to set aside the subsequent foreclosure sale and for monetary relief.

rights as a secured creditor. We find that a partnership which gives security to a partner for a loan cannot enforce the partnership duties owed it by the secured partner which duties impair the rights of the secured partner. (This prohibition is applicable to the partners as well as to the partnership.) If the rule were otherwise, a partnership could not obtain secured financing from its partners because its partners would not provide such financing.

The law and the partnership agreement required each general partner not to commit any act which would make it impossible for the partnership to carry on its ordinary business. OCGA § 14-9-70 (2) (Code Ann. § 75-410). Plaintiffs cite these provisions in arguing that the foreclosure was a breach of Westminster's duties to the partnership. The law, OCGA § 14-9-70 (2) (Code Ann. § 75-410), permits a general partner to make it impossible to carry on the ordinary business of the partnership with written consent, and we find that the partners here have given such consent. We find further that the specific terms of the security deed, also a part of the partnership agreement, prevail over its general provisions to the extent the two are in conflict. See *Kochis v. Mills,* supra; see also *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 677 (34 SE2d 839) (1945). In the cases relied upon by plaintiffs, there was no security deed granted to a partner.

The law is a part of the partnership agreement unless otherwise provided. The bankruptcy law required each general partner's consent to a bankruptcy petition. Westminster exercised its right to refuse its consent to protect its rights under the security deed. We find no breach of its fiduciary duties. The trial court did not err in denying summary judgment to the plaintiffs. The trial court erred in not granting summary judgment to Westminster on this issue. At this point Westminster is a partner but is no longer a secured creditor of the partnership. Thus its duties now are solely those of a partner and unsecured creditor, and the trial court may proceed accordingly.

We do not address the issues relating to the relief sought by plaintiffs (see fn. 1) because our finding that Westminster did not breach its duty to the partnership resolves those issues in favor of Westminster.

2. In its amended answer Westminster enumerated several counterclaims against Atlanta Associates (the partnership) and Harrison individually. Two counterclaims allege Atlanta Associates had not repaid two operating expense loans. The security deed to Westminster states that it includes the original obligation as well as "any and all other indebtedness now owing or which may become owing." This language may cover the operating expense loans for which Westminster is counterclaiming.

Westminster's two remaining counterclaims allege Harrison had not made certain payments to Westminster. These obligations are specified in the partnership agreement as amended. The appropriate party to enforce these obligations is Atlanta Associates, the partnership. While the partnership agreement specified the contributions were to be used to reduce the obligations owed Westminster under its security deed, the obligations run to the partnership and not to Westminster. Whether these obligations remain outstanding and whether Westminster can recover as third party beneficiary of the partnership agreement we leave to the trial court upon remand.

The plaintiffs moved for summary judgment as to Westminster's counterclaims. This motion was based in part on Westminster's alleged breach of partnership duty which we have found did not occur (see Division one). The main focus of the parties on this appeal has been directed to Westminster's alleged breach of duty, and we granted the applications to appeal for the purpose of resolving that issue. The primary issue having been decided, the parties and the trial court can now focus their attention on the counterclaims. Under these circumstances, we find that the trial court did not err in denying summary judgment to plaintiffs as to Westminster's counterclaims.

*Judgment affirmed in part and reversed in part. Marshall, P. J., Clarke, Smith, Gregory and Weltner, JJ., and Judge Andrew J. Whalen, Jr., concur. Bell, J., disqualified.*

DECIDED APRIL 19, 1983 —
REHEARING DENIED MAY 3, 1983.

*Macey & Sikes, John M. Sikes, Jr., Steven M. Forte,* for appellants.

*Cotton, Katz, White & Palmer, J. Michael Lamberth,* for appellees.