44962. NATPAR CORPORATION v. E. T. KASSINGER, INC. et al.
(365 SE2d 442)

BELL, Justice.

In this case the appellant, Natpar Corporation (Natpar), appeals from the Forsyth County Superior Court's grant of an interlocutory injunction prohibiting it from foreclosing on certain property owned by a partnership consisting of Natpar, Roger L. Crow, Inc. (Crow), and the appellee, E. T. Kassinger, Inc. (Kassinger). Natpar raises several issues, including the question whether venue was proper in Forsyth County.

On November 14, 1983, Kassinger entered into a partnership agreement with Natpar and Crow for the construction of residential homes. The agreement envisioned that Natpar would provide capital to start the homes and that institutional lenders would provide additional capital. Kassinger and Crow were required to oversee the devel-

opment of the venture projects. The partnership agreement provided that Natpar's contributions would be secured by a second mortgage, while the loans from institutional lenders would be secured by a first mortgage. Pursuant to the agreement any party incurring expenses in the performance of its duties was to be reimbursed by the other parties. The partnership agreement allocated the parties' share of the expenses as follows: Kassinger, 25%; Natpar, 50%; Crow, 25%. The partnership obtained a first mortgage from Trust Company; it has constructed eight homes and has sold six.

The parties had a series of disagreements which resulted in Kassinger suing Natpar and Crow in Forsyth County. The allegations of the complaint are as follow: Kassinger incurred about $123,000 in reimbursable expenses which Natpar and Crow refused to reimburse. The partnership then went into default on the first and second mortgages because of Natpar's and Crow's refusal to pay their share of expenses. Because Trust Company was threatening foreclosure, the parties met to discuss liquidating the partnership, and they orally agreed to a liquidation agreement. The terms of the oral agreement were put into a written document, and a meeting was scheduled to execute it. However, Natpar failed to appear at the scheduled meeting, and instead purchased the obligations of the partnership from Trust Company without notice to Kassinger or Crow. Relying on the second mortgage, Natpar then sought to accelerate the debt owed by the partnership and threatened to foreclose on the two unsold homes (the only assets of the partnership).

In its prayer for relief Kassinger asked the court to require Natpar and Crow to reimburse its expenses, and to temporarily and permanently enjoin Natpar from foreclosing upon the two unsold residences. The trial court held a hearing on Kassinger's request for a temporary injunction, at which Natpar contested personal jurisdiction on the ground of lack of venue. Kassinger contended that an injunction should issue to maintain the status quo pending a determination on the merits of the case so that, in the event Kassinger obtained a judgment against Crow and Natpar, the two unsold homes could be used to satisfy the judgment. E. T. Kassinger and Roger Crow, the officers of Kassinger and Crow respectively, testified and essentially confirmed the allegations made in Kassinger's complaint. Mr. Kassinger testified that the equity in the two houses on which Natpar is seeking to foreclose was approximately $95,000. Mr. Crow testified that he could not pay his share of the partnership's expenses unless he could make use of the partnership's equity in the two unsold houses.

The trial court subsequently entered two orders, one denying Natpar's motion to dismiss and another granting Kassinger's request for temporary injunctive relief. With regard to the latter order, the

trial court found, inter alia, that the partnership would not have been in default on the second mortgage if Natpar and Crow had paid their share of expenses; that the partnership had no substantial assets other than the two unsold homes; and that Natpar had forestalled any dissolution of the partnership. Natpar appeals.

1. Natpar's first contention is that venue is improper in Forsyth County. Natpar's principal office is in DeKalb County; Crow's is in Forsyth County. Natpar bases its argument on Art. VI, Sec. II, Par. III of the 1983 Georgia Constitution, which provides that "[e]quity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Natpar, correctly noting that no equitable relief is prayed for against the resident defendant, Crow, contends that for this reason venue is not proper in Forsyth County. We disagree. Kassinger, in addition to bringing its claim for equitable relief against Natpar, claims that Natpar and Crow are jointly obligated to it for certain sums of money. This contention brings into consideration Art. VI, Sec. II, Par. IV of the 1983 Georgia Constitution, which provides that "[s]uits against joint obligors . . . residing in different counties may be tried in either county." Under this provision, venue is clearly proper in Forsyth County on the joint obligor claim. The issue is whether the claim for injunctive relief can therefore also be brought in Forsyth County or whether that claim must be brought in DeKalb County.

We conclude that the best rule for situations such as that presented by the instant case is as follows: Where a plaintiff brings suit in the same county on two claims arising from the same transaction and the Georgia Constitution designates that county as the venue for one of those claims, the trial court has the discretion to entertain both claims. This rule clearly promotes judicial economy, as it avoids forcing the plaintiff to bring related claims in separate counties. The trial court's application of the rule we announce today is committed to the court's sound discretion, but the exercise of that discretion should be based on applicable policy considerations, such as judicial economy, convenience to the litigants and witnesses, and fairness to the parties. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3808, and *Beattie v. United States*, 756 F2d 91, 100-104 (D.C.C. 1984), discussing the application of "pendent" venue in the federal courts.

In the instant case Crow and Natpar are claimed to be responsible to Kassinger as joint obligors, and Crow is a resident of Forsyth County. Under Art. VI, Sec. II, Par. IV of our 1983 Constitution, venue of this claim is proper in Forsyth County. Moreover, the joint obligor claim and the equitable claim arise from the same transaction, and involve the same parties and witnesses and substantially the same proof. Therefore, despite the fact that Natpar is the only de-

fendant against whom equitable relief is prayed, we conclude that venue was proper in Forsyth County with regard to both claims.[1]

2. Natpar also contends that under *Westminster Properties v. Atlanta Assoc.*, 250 Ga. 841 (301 SE2d 636) (1983), Natpar cannot be enjoined from exercising its power to foreclose. We disagree. In that case Westminster Properties loaned the partnership, of which it was a member, money for operating capital. Pursuant to the partnership agreement, the partnership executed a security deed to Westminster to secure the loan. The loan subsequently went into default, and Westminster sought to foreclose. The partnership and the other partners contended that Westminster's efforts to foreclose were inconsistent with its duty as a partner not to take any action which would jeopardize the ability of the partnership to carry out its business. We held "that a partnership which gives security to a partner for a loan cannot enforce the partnership duties owed it by the secured partner which duties impair the rights of the secured partner. (This prohibition is applicable to the partners as well as to the partnership.) If the rule were otherwise, a partnership could not obtain secured financing from its partners because its partners would not provide such financing. . . . We find further that the specific terms of the security deed, also a part of the partnership agreement, prevail over its general provisions to the extent the two are in conflict." *Westminster Properties*, supra, 250 Ga. at 843.

We find that the instant case is factually distinguishable from *Westminster Properties*. Here, Kassinger is not seeking to enjoin the foreclosure on the ground that the act of foreclosure is inconsistent with Natpar's duty not to take any action which would prohibit the partnership from carrying on its business. The essence of Kassinger's complaint is that Natpar has wrongly brought about the default of the partnership to Natpar by failing to comply with its obligation under the partnership agreement to pay its share of operating expenses. Obviously, although the partnership granted Natpar a security deed, the partnership did not grant Natpar the right to refuse to pay its obligation to the partnership. We find that equitable relief is appropriate in this case and is not inconsistent with our decision in *Westminster Properties*, in which it was undisputed that Westmin-

---

[1] Compare *Shaheen v. Dunaway Drug Stores*, 246 Ga. 790 (273 SE2d 158) (1980), in which the plaintiff, Dunaway Drugs, sued Shaheen, a Fulton County resident, and other defendants in Bartow County. Dunaway Drugs had an equitable claim common to all of the defendants and, because some of those defendants resided in Bartow County, the equitable action was properly brought there. However, Dunaway Drugs also had two unrelated claims against Shaheen which it also brought against Shaheen in the same complaint as the equitable action. We held that, since these two claims were "wholly separate and distinct from the equitable relief sought jointly against all the defendants," Dunaway Drugs could not establish venue in Bartow County on those two claims.

ster took no wrongful action which precipitated the default to it.

3. We have examined the appellants' remaining contentions and find them to be without merit.

*Judgment affirmed. All the Justices concur, except, Hunt, J., who concurs in the judgment only.*

DECIDED MARCH 17, 1988.

*Brent & Valianos, James C. Gaulden, Jr., Lynwood D. Jordan, Jr.,* for appellant.

*Lipscomb, Johnson, Miles & Ashway, Dana B. Miles, Robert P. Mallis,* for appellees.